# ORIGINAL

**COPULOS FISHER & ROYLO, LLLC**

DONALD E. FISHER    6268-0
American Savings Bank Tower
1001 Bishop Street, Suite 1510
Honolulu, Hawaii 96813
Telephone: (808) 536-0500
Facsimile: (808) 536-0021
dfisher@copuloslaw.com

Attorney for Plaintiffs
SHERRI LYNN SAUTER and
CHRISTOPHER MICHAEL SAUTER

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 26 2010

at 3 o'clock and 00 min 0 M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| SHERRI LYNN SAUTER and CHRISTOPHER MICHAEL SAUTER, <br><br> Plaintiffs, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Civil No. **CV10  00242** <br> (Medical Malpractice) <br><br> COMPLAINT; SUMMONS **JMS  LEK** |

## **COMPLAINT**

Come now Plaintiffs above named by and through their attorneys,

Copulos Fisher & Roylo, LLLC, and for cause of action against Defendant

UNITED STATES OF AMERICA, allege and aver as follows:

## COUNT I

### NEGLIGENCE (as to Sherri Lynn Sauter)

1. This action is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 et seq. ("FTCA") based on the negligent acts and omissions of its employees or agents, as set forth in this Complaint.

2. This claim involves the medical malpractice of U.S. Army medical personnel and/or employees with respect to the failure to properly diagnose, misdiagnosis and failure to meet the requisite standard of care in the medical treatment and care of Plaintiff Sherri Lynn Sauter ("Plaintiff S. Sauter"), wife of Sergeant Christopher Michael Sauter ("Plaintiff C. Sauter").  Plaintiffs C. Sauter and S. Sauter are husband and wife and were married on November 22, 2003.

3. On or about August 5, 2005, Plaintiffs learned from Tripler Army Medical Center's ("TAMC") Thomas B. Francis, M.D., that Claimant S. Sauter had not been properly diagnosed by Defendants' physicians over the course of nearly a year, with Addison's Disease, despite the presence of symptoms and signs of the disease.  Plaintiff S. Sauter suffered injuries and damages as a direct and proximate result of said failure to properly diagnose Plaintiff S. Sauter.

4.    At all times relevant herein, Defendant United States of American operated the Tripler Army Medical Center ("TAMC") in the City and County of Honolulu, State of Hawaii, and the Martin Army Community Hospital ("MACH") in Fort Benning, Georgia, which were engaged in providing medical, surgical, and hospital care and treatment.

5.    At all times relevant herein, TAMC and MACH represented itself to the public and to the Plaintiff as medical facilities and providers that had and possessed the requisite skill, competence, facilities, and personnel to properly care for and treat Plaintiff S. Sauter.

6.    At all times relevant herein, the Defendant provided personnel, including doctors, nurses, and others for the care and treatment of patients, including Plaintiff S. Sauter.

7.    At all times relevant herein, the physicians who injured Plaintiff S. Sauter through their negligent acts and omissions were employed by Defendant and were acting in the course and scope of their employment throughout the period of their treatment.

8.    Pursuant to the provisions of the FTCA, Plaintiffs filed administrative claims for personal injury against the United States of America within the statutory period as required by law on June 25, 2007 for $4,000,000.00

(for Plaintiff S. Sauter) and $2,000,000.00 (for Plaintiff C. Sauter). Final administrative action was taken. Plaintiffs' lawsuit following administrative action is timely.

9. This Court has subject matter jurisdiction over the matters set forth in this Complaint pursuant to 28 U.S.C. § 1346(b). Venue is appropriate in the District Court for the District of Hawaii pursuant to 28 U.S.C. § 1402.

10. Injuries suffered by Plaintiffs occurred in the City and County of Honolulu, State of Hawaii.

11. Defendant, through its employees and/or agents, breached the duty of due care owed to the Plaintiffs by its deviation from applicable standards of care required of medical professionals.

12. The Defendant is vicariously liable for the negligence of its agents and/or employees who were in the course and scope of their duties under the doctrine of respondeat superior.

13. As a direct and proximate result of the Defendant's negligent breach of the standard of care and the breach of the duty to exercise reasonable care in treating Plaintiff S. Sauter to suffer physical and emotional distress and anguish, pain, loss of enjoyment of life, infertility, loss of consortium, and other special and general damages to be proved at trial.

4

## COUNT II

### NEGLIGENCE (as to Plaintiff S. Sauter)

14.  Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-13 of Count I of Plaintiffs' Complaint as though fully set forth herein.

15.  As a direct and proximate result of the Defendant's negligent breach of the standard of care and the breach of the duty to exercise reasonable care in treating, Defendant caused Plaintiff S. Sauter to suffer amongst other injuries, infertility, as a consequence of which she has and will suffer mental and emotional distress and anguish, pain, loss of enjoyment of life, loss of consortium, future medical and rehabilitative expenses, and other special and general damages in an amount to be proven at trial.

## COUNT III

### LOSS OF SPOUSAL CONSORTIUM

16.  Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–15 of Count I of Plaintiff's Complaint as though fully set forth herein.

17.  Plaintiff C. Sauter was the lawful husband of Plaintiff S. Sauter and by virtue of the negligence heretofore alleged, and Defendant's breach of its

duties owed to Plaintiffs, Plaintiff C. Sauter suffered loss of spousal consortium as a result of the severe injuries to his wife and causing damage in an amount to be proven at trial.

## COUNT IV

### BREACH OF WARRANTY

18.  Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–17 of Count I of Plaintiff's Complaint as though fully set forth herein.

19.  At all times relevant herein, TAMC and MACH personnel both expressly and impliedly warranted to Plaintiffs that the course of treatment undertaken was the best and proper treatment for Decedent; Defendant breached said warranties.

20.  As a direct and proximate result of said breach of warranties, Plaintiffs sustained serious injuries and damages as described herein.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant for general and special damages in an amount to be proved at trial.  Plaintiffs further pray to be awarded their costs of suit and such other and further relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii, _____April 26,_____ 2010.

_____
DONALD E. FISHER

Attorney for Plaintiffs
SHERRI LYNN SAUTER and
CHRISTOPHER MICHAEL SAUTER